IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GINA DIANE INDA DELA CRUZ, ) | CIV. NO. 11-00747 JMS/RLP |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANTS' |
| ) | MOTION FOR SUMMARY |
| vs. ) | JUDGMENT |
| ) | |
| PATRICIA McMANAMAN, ) | |
| DIRECTOR OF CHILD WELFARE ) | |
| SERVICES, ALSO KNOWN AS ) | |
| CHILD PROTECTIVE SERVICES, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Plaintiff Gina Diane Inda Dela Cruz ("Plaintiff"), proceeding pro se, asserts that Defendants Director of Child Welfare Services ("CWS") Patricia McManaman ("McManaman")[1] and social workers Carlene Greenlee ("Greenlee") and Patrice Bell ("Bell") (collectively, "Defendants")[2] violated Plaintiff's constitutional rights when Plaintiff's newborn daughter was taken into protective

---

[1] McManaman is in fact Director of the State of Hawaii Department of Human Services (the "DHS"). The Child Welfare Services is a division of the DHS.

[2] Although Plaintiff's Amended Complaint lists only Patricia McManaman in the caption, the court liberally construes the Amended Complaint as also naming Carlene Greenlee and Patricia Bell as Defendants.

services and Plaintiff was prevented from having unsupervised visits with her children.

Currently before the court is Defendants' Motion for Summary Judgment, in which they argue that this action should be dismissed with prejudice because: (1) it is barred by claim preclusion, where Plaintiff previously brought these same claims against Greenlee, Bell, and Lillian Koller (the former Director of the DHS) in the Third Circuit Court for the State of Hawaii, *Dela Cruz v. Child Welfare Services*, Civ. No. 10-0-0202 (the "State Action"), which was dismissed on summary judgment, and (2) Plaintiff has failed to establish that McManaman had any personal involvement in the alleged deprivation of Plaintiff's constitutional rights. Based on the following, the court GRANTS Defendants' Motion for Summary Judgment.

## II. BACKGROUND

**A.     Factual Background**

### 1.     *Allegations in the Amended Complaint*

As alleged in the Amended Complaint and as provided in its attached exhibits, on December 18, 2009, Plaintiff gave birth to a baby girl at Hilo Medical Center. Doc. No. 10, Am. Compl. ¶ 1; Am. Compl. Ex. G ¶ 1. Plaintiff disclosed to hospital staff that she had a previous CWS case regarding her six other children

who now live with their father (Plaintiff's ex-husband), and the hospital staff notified Child Protective Services ("CPS") of Plaintiff's new baby. *See* Am. Compl. Ex. F. On December 21, 2009, Greenlee met with Plaintiff and the baby's father, Jamin Garcia ("Garcia"), and they agreed upon a safety plan that allowed Plaintiff to leave the hospital with the baby. *Id.*

On December 23, 2009, Greenlee visited Plaintiff and Garcia at Garcia's house, and disclosed to Garcia's family details regarding Plaintiff's previous CPS case and other confidential facts regarding Plaintiff. Am. Compl., ¶¶ 5, 7; *see also* Am. Compl. Ex. G. at 6. As a result, Garcia's family told Plaintiff to leave the house. Am. Compl. Ex. A. That same day, Greenlee notified the Hawaii County Police Department that Plaintiff was unable to take care of her baby, and the baby was taken into protective custody. Am. Compl. Exs. C, G ¶ 9; *see also* Am. Compl. ¶¶ 1-2, 9. According to Plaintiff, Greenlee should not have used the information regarding her other CPS case to impact custody of her baby because Plaintiff had not done anything harmful to her baby and Greenlee did not otherwise evaluate her parenting skills. Am. Compl. Ex. G ¶¶ 4, 5. Plaintiff further asserts that Greenlee diagnosed Plaintiff as mentally ill even though there was no proper evaluation. *Id.* ¶ 5.

As to Bell, the Amended Complaint and exhibits explain that she was

3

Plaintiff's social worker on Plaintiff's previous CPS case and began to counsel Plaintiff regarding her newborn. *Id.* ¶¶ 10-12. Bell has allegedly refused to allow Plaintiff unsupervised visits with her children on the basis that Plaintiff "[is] not ready yet," and disregarded the progress Plaintiff has made in counseling and parenting classes. *Id.* ¶¶ 11, 12. The Amended Complaint further asserts that Bell required Plaintiff to attend an anger management class, where Plaintiff was harmed when another attendee attempted to hit Plaintiff. Am. Compl. ¶ 6. Finally, Plaintiff asserts that Bell "mess[ed] up my background by putting CPS classes that my husband Gregory Dela Cruz did on me so I couldn't get a job as a certified nurses assistant . . . ." *Id.* at p. 5, ¶ 7.

Plaintiff seeks the return of her children and $20 million in damages.

### 2. *The State Action*

On July 15, 2010, Plaintiff filed an action in the Third Circuit Court of the State of Hawaii (the "State Action") asserting claims against the same Defendants[3] in this action, as well as some additional defendants. Plaintiff's Amended Complaint, filed September 7, 2010, described her claims as "bad faith, negligently interfering parental rights [sic], emotional distress, taking a child with no proof of evidence, no probable cause, invasion of confidentiality and privacy,

---

[3] Instead of McManaman, Plaintiff named the then-Director of the DHS, Lillian Koller.

[and] false police report," and sought return of all seven of her children, the erasure of all her CPS files, and $10 million in damages. Doc. No. 39, Defs.' Concise Statement, Ex. B. The Amended Complaint further asserted that Bell had prevented Plaintiff from having her children for the past three years, and that Greenlee lied about Plaintiff in court documents and took Plaintiff's newborn away. *Id.*

On May 23, 2011, the State Action Defendants filed a Motion for Summary Judgment. On July 19, 2011, the Third Circuit Court granted the Motion with prejudice as to all Defendants. *See id.* Ex. C. Judgment was entered in that case on April 24, 2012, notice of which was served on Plaintiff on May 4, 2012. *Id.* Plaintiff did not appeal that Judgment. *See* Doc. No. 38, Molay Decl. ¶¶ 6-7; *see also Dela Cruz v. Child Welfare Services*, Civ. No. 10-0-0202 (Haw. Cir. Ct.), docket available at http:// hoohiki2.courts.state.hi.us/jud/Hookiki/ main.htm) (last visited September 21, 2012).

**B.     Procedural Background**

On December 9, 2011, Plaintiff filed her original Complaint and an Application to Proceed Without Prepayment of Fees and Affidavit ("Application"). On December 21, 2011, the court granted Plaintiff's Application and dismissed the Complaint with leave to amend to state a 42 U.S.C. § 1983 damages claim against

McManaman and/or Greenlee and Bell in their individual capacities, and/or a 42 U.S.C. § 1983 claim for injunctive relief against these individuals in their official capacities. Leave was not granted, however, for Plaintiff to assert claims against CWS, or to assert claims against any CWS employees in their official capacities.

On January 17, 2012, Plaintiff filed her Amended Complaint. On February 3, 2012, CWS and McManaman filed a Motion to Dismiss, arguing that: (1) McManaman could not be sued in her official capacity for monetary damages in federal court; (2) Greenlee and Bell were immune from state law claims; (3) Plaintiff could not state a claim for perjury against Greenlee and Bell; and (4) Plaintiff's claims were barred by claim preclusion. At the April 9, 2012 hearing on the Motion to Dismiss, Plaintiff clarified that she was asserting claims for injunctive relief against Defendants in their official capacities, and claims for damages against Defendants in their individual capacities. *See* Doc. No. 27. She further clarified that she was not asserting state law claims against Defendants. *Id.* In light of this clarification, the court issued an Order which deemed moot Defendants' first argument that McManaman could not be sued for damages in her official capacity, as well as their second and third arguments related to state law claims. *Id.* Defendants withdrew their final argument related to claim preclusion at the April 9, 2012 hearing because, at the time, a final judgment had not been

entered in the State Action.

Defendants subsequently obtained a final judgment in the State Action and on June 7, 2012, Defendants filed the instant Motion for Summary Judgment. That same day, the court (1) notified Plaintiff via first class mail that her Opposition to the Motion for Summary Judgment was due by July 17, 2012, and (2) outlined to Plaintiff her obligations in responding to the Motion. *See* Doc. No. 40. Plaintiff failed to file an Opposition by July 17, 2012, and as a result, Defendants filed a Reply on July 23, 2012. On July 30, 2012, however, Plaintiff filed a Motion for Extension of Time to File Opposition, which this court granted on August 1, 2012. On September 12, 2012, the court received Plaintiff's Opposition,[4] and Defendants filed another Reply on September 24, 2012. The court decides this Motion without a hearing pursuant to Local Rule 7.2(d).

### III. **STANDARD OF REVIEW**

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential

---

[4] On September 13, 2012, Defendants filed a second Reply stating that Plaintiff failed to file an Opposition. Given that Plaintiff filed an Opposition, the court considers only the Reply filed on September 24, 2012.

to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56[(a)] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law."

*In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor" (citations omitted)).

Plaintiff is appearing *pro se*; consequently, this court will liberally construe her pleadings. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (holding that the Supreme Court "instructs the federal courts" to liberally construe the inartful pleadings of pro se litigants).

## IV. ANALYSIS

Defendants argue that Summary Judgment must be granted on Plaintiff's claims because they are barred by claim preclusion, and because Plaintiff has failed to establish that McManaman had any personal involvement in the alleged deprivation of Plaintiff's rights. Based on the following, the court agrees.

### A. Claim Preclusion as to All Claims Against Greenlee and Bell, and as to the Claim for Injunctive Relief Against McManaman

The court looks to Hawaii law to determine whether the judgment in the State Action has preclusive effect. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *see also Allen v. McCurry*, 449 U.S. 90, 96 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."). And, as the Ninth Circuit has stated, "[i]n Hawaii the doctrine [of claim preclusion] is applied in a robust way." *Albano v. Norwest Fin. Haw., Inc.*, 244 F.3d 1061, 1063 (9th Cir. 2001).

Under Hawaii law, claim preclusion prevents a party from relitigating "not only . . . issues which were actually litigated in [a prior] action, but also . . . all grounds of claim and defense which might have been properly litigated in the [prior] action." *See Aganos v. GMAC Residential Funding Corp.*, 2008 WL 4657828, at *4 (D. Haw. Oct. 22, 2008) (quoting *Bremer v. Weeks*, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004)). Defendants have "the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity

with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question." *Bremer*, 104 Haw. at 54, 85 P.3d at 161. Defendants have established each of these elements.

First, the Judgment in the State Action is now final. That Judgment was entered more than three months ago on April 24, 2012, and no appeal has been filed. *See* Haw. R. App. P. 4 ("When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order."); *see also Littleton v. State*, 6 Haw. App. 70, 75, 708 P.2d 829, 833 (1985) ("[A] judgment is final where the time to appeal has expired without an appeal being taken.") (quoting *Glover v. Fong*, 42 Haw. 560 (1958)).

Second, the parties in the State Action are the same as in this action. Greenlee and Bell were Defendants in the State Action. Also, in the State Action Plaintiff named Lillian Koller, then the Director of the DHS, as a Defendant in her official capacity. "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). Thus, the Director of the DHS, the position now held by McManaman, was a party to the State Action.

Third, even though Plaintiff asserts some different facts between the

State Action and this action, the claims in this action are the same as those in the State Action. "To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or series of connected transactions, as the 'claim' asserted in the first action." *Kauhane v. Acutron Co.*, 71 Haw. 458, 464, 795 P.2d 276, 279 (1990) (citing Restatement (Second) of Judgments § 24 (1982)). That is, claims arising out of the same transaction "constitute the same 'claims' for [claim preclusion] purposes." *Id.* As a result, claim preclusion "applies if the issues 'could have been raised in the earlier state court actions.'" *Albano*, 244 F.3d at 1064 (citations omitted); *see also Bremer*, 104 Haw. at 53, 85 P.3d at 160 (observing that under Hawaii law "[t]he judgment of a court of competent jurisdiction . . . precludes the relitigation . . . of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided").

Plaintiff's claims against Greenlee, Bell, and McManaman in this action clearly arise out of the same series of transactions as those in the State Action -- the removal of Plaintiff's daughter and her interactions with Bell, Greenlee, and CWS. That is, while Plaintiff raises constitutional issues in this action but raised tort law claims in the State Action, "all of the claims arise out of

the same series of transactions . . . and are therefore the same claims." *Aganos*, 2008 WL 4657828, at *5; *see also Spinney v. Greenwich Cap. Fin. Prods., Inc.*, 2006 WL 1207400, at *6 (D. Haw. May 3, 2006) (finding that the plaintiffs' claims for breach of contract and fraud stemming from a mortgage agreement and note raises the same claims for purposes of claim preclusion as state action claims brought by defendant that plaintiff defaulted on the mortgage and note). Moreover, although Plaintiff brings a claim in this action under § 1983 which was not contained in the State Action, Plaintiff *could have* brought her § 1983 claim in the State Action.

In sum, all three requirements for claim preclusion have been met as to Plaintiff's claims against Greenlee and Bell, and as to her claims for injunctive relief against McManaman. Accordingly, the court finds that the judgment in the State Action has claim preclusive effect as to those claims, and GRANTS the Motion for Summary Judgment as to all claims against Defendants Greenlee and Bell, and as to the claims for injunctive relief against McManaman.

**B.     Claim Against McManaman for Damages**

Defendants assert that summary judgment must be granted on Plaintiff's claims for damages against McManaman in her individual capacity because she had no personal involvement with the alleged deprivations of

Plaintiff's rights.

A government official cannot be held liable for damages under § 1983 absent a showing of personal participation in the alleged deprivation of rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983.").

As Defendants correctly assert, Plaintiff has presented no evidence that McManaman participated in the alleged rights deprivation. Indeed, the only reference to McManaman contained in the Amended Complaint is Plaintiff's assertion that McManaman is "responcible [sic] for her employees [sic] actions." Am. Compl. at 10. Even if Plaintiff did present evidence supporting this assertion, *Jones* clearly establishes that McManaman is *not* responsible for the actions of her employees. And in opposition, Plaintiff offers no evidence or even argument as to why her claim against McManaman stands.

The court therefore GRANTS the Motion for Summary Judgment as to Plaintiff's claims for damages against McManaman in her individual capacity.

///

///

## V. CONCLUSION

For the reasons stated above, the court GRANTS Defendants' Motion for Summary Judgment, and dismisses this action as to all claims and all parties. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 26, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Dela Cruz v. Child Welfare Svcs. et al.*, Civ. No. 11-00747 JMS/RLP; Order Granting Defendants' Motion for Summary Judgment